585 A.2d. 965

IN THE MATTER OF THE GUARDIANSHIP OF J.C., J.C., AND J.M.C., MINORS.

Superior Court of New Jersey
Appellate Division

Argued December 11, 1990—Decided January 22, 1991.

Before Judges GRUCCIO and D'ANNUNZIO.

*Kathleen E. Kitson* and *Claudette L. St. Romain* argued the cause for appellant, A.C. (*Hudson County Legal Services Corp.*, attorney).

*Magali M. Francois*, Deputy Attorney General, argued the cause for respondent New Jersey Division of Youth and Family Services (*Robert J. Del Tufo*, Attorney General, attorney).

*John D. Frederickson,* Guardian ad Litem, argued the cause for J.C., J.C., and J.M.C., minors.

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

A.C., the mother of J.C., J.C. and J.M.C., appeals from a judgment terminating her parental rights. The action was prosecuted by the Division of Youth and Family Services (DYFS) pursuant to *N.J.S.A.* 30:4C–15 and 20. Appellant contends that the trial court "erred in applying an ambiguous standard," and that DYFS failed to carry its burden of establishing the statutory criteria for the termination of parental rights as construed by our Supreme Court in *New Jersey Div. of Youth and Family Servs. v. A.W.,* 103 *N.J.* 591, 512 *A.*2d 438 (1986). Appellant also contends that she was denied her constitutional right to effective assistance of counsel. We do not address those contentions at this time, because we agree with appellant's fourth contention that the court erred in relying upon a post-trial bonding evaluation without affording appellant an opportunity to review the evaluation, to cross-examine the evaluator and to present rebuttal evidence.

The trial concluded on December 15, 1989. By letter dated March 8, 1990, the trial judge advised all counsel that on March 7, 1990 he had entered an order requiring a bonding evaluation regarding the children and their foster parents. Counsel received a copy of the order. It was entered under the authority of *R.* 5:12–4(c) which empowers the court in DYFS initiated proceedings to "order examinations and investigations pursuant to *R.* 5:3–3." On May 22, 1990, the trial court filed its opinion and served copies of it on all counsel. Attached to the opinion was the bonding evaluation report of Regina A. Johnson, M.A., prepared pursuant to the court's March 7, 1990 order and

addressed to the trial judge.[1] Thus, A.C.'s attorneys received a copy of the bonding evaluation simultaneously with receipt of the court's written decision.

■ This procedure clearly violated *R.* 5:3–3(e) and (f). Those subsections of the rule authorizing court appointment of experts provide:

(e) Submission of Report. Any finding or report by an expert appointed by the court shall be submitted upon completion to both the court and the parties. The parties shall thereafter be permitted a reasonable opportunity to conduct discovery in regard thereto, including, but not limited to, the right to take the deposition of the expert.

(f) Use of Evidence. An expert appointed by the court shall be subject to the same examination as a privately retained expert and the court shall not entertain any presumption in favor of the appointed expert's findings. Any finding or report by an expert appointed by the court may be entered into evidence upon the court's own motion or the motion of any party in a manner consistent with the rules of evidence, subject to cross-examination by the parties.

Subsection (e) was violated because the parties did not receive a copy of the bonding evaluation report until after the court, in reliance upon it, had rendered its decision. Subsection (f) was violated because there was no determination that the report was admissible "consistent with the rules of evidence." More-over, and perhaps most important, A.C. had no opportunity to cross-examine Johnson, a right provided in subsection (f). *See Twp. of Wayne v. Kosoff,* 73 *N.J.* 8, 15, 372 *A.*2d 289 (1977) (report of court appointed expert should be submitted to all parties in advance of trial; all parties to have the right of cross-examination).

■ We reject DYFS's contention that Johnson's report was admissible under *R.* 5:12–4(d) and *In re Cope,* 106 *N.J.Super.* 336, 343–344, 255 *A.*2d 798 (App.Div.1969) and, therefore, that appellant had no right to cross-examine Johnson. *R.* 5:12–4(d) provides:

---

[1]The record indicates that Johnson is a psychologist employed by the Assessment Unit of the New Jersey Superior Court, Family Part in Hudson County. The evaluation was submitted on the Family Part's stationery.

(d) Reports. The Division of Youth and Family Services shall be permitted to submit into evidence, pursuant to Evidence Rules 63(13) and 62(5), reports by staff personnel or professional consultants. Conclusions drawn from the facts stated therein shall be treated as prima facie evidence, subject to rebuttal.

We conclude that this rule is not applicable. The record establishes that Johnson's evaluation was court ordered and that *R.* 5:3–3 applies. Moreover, even where it is applicable, *R.* 5:12–4(d) provides the adverse party with an opportunity for rebuttal, as does *In re Cope, supra* at 344, 255 *A.*2d 798, and does not authorize the trial court to rely on a report which the parties did not see.

In its opinion, the trial court relied on the childrens' bonding with their foster families, who had expressed a desire to adopt them, as a major element in its decision to terminate A.C.'s parental rights. We infer that Regina Johnson's bonding evaluation was an important factor in the court's determination. We conclude, therefore, that a limited remand to the trial court is necessary. At the hearing on remand, Regina Johnson shall appear and testify as the court appointed expert pursuant to *R.* 5:3–3. She shall be subject to cross-examination by the parties and the court may admit her report into evidence "in a manner consistent with the rules of evidence." At the hearing on remand, appellant shall be afforded an opportunity to present evidence to rebut Regina Johnson's testimony.

We suggest that the trial court, upon receipt of this opinion, conduct a procedural conference on very short notice to establish the date of the hearing and any other requirements regarding notice and discovery. The hearing shall be conducted within 45 days of the date of this opinion, and within ten days of the close of the hearing, the trial court shall supplement its original findings and file its supplemental findings with this court. Thereafter, the appeal shall be recalendared for additional oral argument on the earliest available date. No additional briefs shall be filed in this court unless we so order.

Reversed and remanded for further proceedings consistent with this opinion. We retain jurisdiction.